UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THE UNITED STATES OF AMERICA,

        Plaintiff,

                              CRIMINAL NO.   10-20594

v.                              HONORABLE LAWRENCE P. ZATKOFF

DANTE DEMIRO,

        Defendant.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on June 9, 2011.

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

This matter is before the Court on Defendant's Motion for Order to Copy Servers and Hard Drives [dkt 35]. The United States of America (the "Government") has filed a response opposing Defendant's motion. Defendant has not filed a reply and the time period to do so has elapsed. The Court finds that the facts and legal arguments are adequately presented in the parties' papers such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. LR 7.1(f)(2), it is hereby ORDERED that the Motion be resolved on the briefs submitted. For the following reasons, Defendant's Motion for Order to Copy Servers and Hard Drives is DENIED.

## II. BACKGROUND

The Government alleges that Defendant operated a Ponzi scheme through his company, MuniVest. MuniVest acted as the corporate identity for Defendant's alleged criminal activities. Under MuniVest, Defendant claimed to be an "investment advisor." While investigating Defendant for suspected bank and wire fraud violations in connection with MuniVest, on September 16, 2010, the FBI executed a search warrant at Munivest's location in Southfield, Michigan. Among the items seized were two computer servers, two external hard drives, and a computer tower (the "Computer Equipment").[1] During debriefings with the FBI and defense counsel, Defendant informed the FBI that he purchased the Computer Equipment in order to build MuniVest, and that these items were purchased with fraud proceeds (i.e., money intended by his clients to be used to purchase certificates of deposit).

On April 19, 2011, Defendant pled guilty to a Superseding Information ("Information"), including five counts of bank and wire fraud, as well as extensive asset forfeiture. The Information sought forfeiture of 27 different pieces of computer equipment, including the Computer Equipment. Prior to the filing of the instant motion, Defendant requested permission to make a copy of certain electronic data stored on the Computer Equipment. Specifically, Defendant requested three types of electronic data: (1) corporate and personal data, including records requested by the bankruptcy court and needed by Defendant for tax filing; (2) personal photographs and music; and (3) corporate and personal intellectual property. The Government declined to provide Defendant unfettered access

---

[1]Defendant identifies the seized items as a Dell Power Edge Server SC420, Serial No. JDFV181, a Dell Power Edge Server 2900, Serial No. 84M51C1, a Lacie External Hard Disc Drive, Serial No. 171081BC0A, a Lacie Big Disk External Hard Drive Disk Device 1TB, Serial No. 182200928, and an Emachine Computer Tower Model T6528, Serial No. GCD6280000018.

to the Computer Equipment.  The Government also declined to provide copies of any files that were "corporate and personal intellectual property."  The Government, however, did propose that if Defendant identified the files requested, as well as the locations of these files on the Computer Equipment, then the FBI forensic examiners would make copies of those files for Defendant. Defendant declined the Government's offer and filed the instant motion.  According to the motion, Defendant seeks permission from the Court to copy the same three categories listed, *supra*, pursuant to Fed. R. Crim. P. 41(g).

### III.  LEGAL STANDARD

Under Fed. R. Crim. P. 41, "'[a] district court has both the jurisdiction and the duty to return the contested property once the government's need for it has ended.'" *United States v. Hess*, 982 F.2d 181 (6th Cir. 1992). "However, the person seeking return of property must show that they are lawfully entitled to possess it." *United States v. Headley*, 50 F. App'x 266, 267 (6th Cir. 2002) (unpublished order); accord *Sovereign News Co. v. United States*, 690 F.2d 569, 577 (6th Cir. 1982); *United States v. Francis*, 646 F.2d 251, 262 (6th Cir. 1981) (holding that Rule 41 places the burden on the claimant).  According to Rule 41(g):

> A person aggrieved by . . . the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized.  The court must receive evidence on any factual issue necessary to decide the motion.

Fed. R. Crim. P. 41(g).

### IV.  ANALYSIS

Defendant provides only minimal argument for his requested relief, stating that as Rule 41 applies to this case, Defendant believes he is entitled to the requested relief.  In response, the Government maintains that permission to copy the electronic data should not be granted because

Defendant has not shown whether he is "aggrieved" under Rule 41, or whether the files were used to defraud the victims in this matter. The Government also argues that Defendant's request is over broad and granting such permission would be unreasonable.[2]

The Court has determined that allowing Defendant such permission to copy electronic data stored on the Computer Equipment is inappropriate in this matter. First, Rule 41(g) expressly limits the person that may move for the seized property's return, stating "a person *aggrieved* . . . by the deprivation of property may move for the property's return." Fed. R. Crim. P. 41(g) (emphasis added). Here, Defendant has failed to demonstrate that he is "aggrieved." According to the Government's brief, which Defendant does not refute, the Government has offered to provide Defendant with copies of the files needed for tax and court purposes, and personal photos (i.e., files falling into the first and second categories enumerated, *supra*), if Defendant specifically identifies the files and their location.

Second, to the extent that Defendant argues he is aggrieved because he is deprived of files that satisfy the third category (corporate and personal intellectual property), he has failed to show that he is entitled to lawful possession of *any* of the electronic data stored on the Computer Equipment that falls into *any* one of the three categories. *See Headley*, 50 F. App'x at 267 ("[T]he person seeking return of property must show that they are lawfully entitled to possess it.") According to the record, on April 19, 2011, Defendant pled guilty to the Information that contained provisions seeking asset forfeiture of the Computer Equipment. The Information specifically delineates the Computer Equipment at issue in subparagraph 58(f) of the forfeiture count. Defendant also entered his guilty plea subject to a Rule 11 plea agreement, which also states that the Computer

---

[2] The Court need not address these last two arguments for the reasons stated.

Equipment is subject to forfeiture. Further, with respect to Defendant's personal photographs and music, it is unclear whether such music files were obtained legitimately such that Defendant may lawfully possess them.

Third, Defendant admitted during interviews with the FBI that the Computer Equipment was used to assist in defrauding the victims in this matter. While Defendant fails to clearly enumerate what is "intellectual property" or its value, Defendant's contention that it has value suggests that it should be made part of the asset forfeiture case, not returned to him. Thus, Defendant fails to demonstrate that the electronic data stored on the Computer Equipment is no longer needed by the Government. *See Hess*, 982 F.2d at 187. Accordingly, the Court denies Defendant's request to copy certain electronic data stored on the Computer Equipment.

## V.  CONCLUSION

Accordingly, and for the above reasons, IT IS HEREBY ORDERED that Defendant's Motion for Order to Copy Servers and Hard Drives [dkt 35] is DENIED.

IT IS SO ORDERED.

S/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated:  June 9, 2011

CERTIFICATE OF SERVICE

5

      The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on June 9, 2011.

S/Marie E. Verlinde<br>
Case Manager<br>
(810) 984-3290